IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEITH JOHN ANDERSON, : | |
| Plaintiff : | |
| VS. : | |
| MONROE COUNTY SHERIFF'S : | |
| DEPARTMENT, : | NO. 5:07-cv-219 (WDO) |
| Defendant : | |

**O R D E R**

Plaintiff **KEITH JOHN ANDERSON** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 10).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Because the Court has permitted plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or employees of a governmental entity and dismiss any portion of the complaint it finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that he was stopped by officers while driving with a suspended license in Fairfax, Virginia, and was subsequently released. Plaintiff claims that he was later stopped in Monroe County, Georgia, and charged with receiving stolen property and driving with a suspended license. Said charges remain pending in Georgia. Plaintiff appears to claim that his detainment in Monroe County, Georgia, constitutes false imprisonment. He repeatedly alleges that "they" have failed to transport plaintiff back to Virginia.[1]

## III. DISCUSSION

As noted in this Court's previous order, plaintiff's only named defendant, the Monroe County Sheriff's Department, is not a proper defendant. Although this Court specifically directed plaintiff name individual defendants, plaintiff failed to do so in his supplement. Plaintiff's failure to name a proper defendant alone mandates dismissal of his complaint.

---

[1] The allegations in plaintiff's complaint and supplement are extremely unclear. In his supplement, plaintiff alleges "I never committed any crime in Georgia." In his original complaint, however, plaintiff states that he was pulled over in Georgia and "recharged with receiving stolen property and driving [with a] suspended license here in Georgia for the same car." Plaintiff thus appears to be complaining about his being charged with offenses in Monroe County, Georgia, and his pleadings are so construed.

*Younger v. Harris*, 401 U.S. 37 (1971), provides an additional ground for dismissal of this case. In *Younger*, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982). Each of the requirements of *Younger* is satisfied and this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia.

Moreover, to the extent that plaintiff seeks dismissal of the charges brought against him and release from prison, plaintiff's exclusive remedy is to file a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Rice v. Baker*, 2006 WL 1410186 (11th Cir. May 23, 2006). Plaintiff must exhaust his state remedies before seeking federal habeas relief.

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 27th day of August, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr